# IN THE COURT OF APPEALS OF IOWA

No. 14-0945
Filed April 8, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES E. WALKER JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        Charles E. Walker Jr. appeals the denial of his motion to correct an illegal

sentence.  **AFFIRMED.**


        Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

        Thomas J. Miller, Attorney General, Darrell Mullins, Assistant Attorney

General, and Alan R. Ostergren, County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Charles E. Walker Jr. appeals the denial of his motion to correct an illegal sentence.

A defendant may challenge an illegal sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Our review of constitutional claims is de novo. *Id.*

On August 30, 1988, two criminal complaints were filed against Charles Walker in Muscatine, Iowa. On October 7, 1988, an order was entered transferring this matter from the juvenile court to the district court. The State filed a trial information with attached minutes of testimony on October 11, 1988, charging Walker with Count I—first-degree kidnapping, Count II—willful injury, Count III—first-degree sexual abuse, Count IV—first-degree burglary, and Count V—attempted murder. According to the minutes of testimony, on July 5, 1988, Walker entered the home of the victim uninvited between the hours of 8:00 to 9:00 p.m. He assaulted the victim by striking her, choking her multiple times with an electric cord, forcing her to perform sexual acts upon him, and attempting to have intercourse with her against her will.

On November 4, 1988, defense counsel filed a motion to suspend proceedings and application for psychological examination. Walker was fifteen years old at the time of the offenses. The application was granted, and the Mental Health Institute in Independence, Iowa, was ordered to evaluate Walker to determine whether he was suffering from a mental disorder that prevented him from appreciating the charge, understanding the proceedings, or assisting effectively in his defense.

On December 23, 1988, a plea agreement was filed in the district court in which the State agreed to dismiss the kidnapping and attempted murder charges in exchange for Walker's guilty pleas to the offenses of second-degree sexual abuse, first-degree burglary, and willful injury, for which the State would recommend consecutive sentences. The same day, the district court entered a form order, checking the box indicating the court "accepts the plea and it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the Defendant than that provided for in the plea agreement." A presentence investigation report was prepared, which set out Walker's social and mental health history, which we need not reiterate here. On January 27, 1989, a court calendar entry[1] indicates Walker was sentenced to serve consecutive terms of incarceration not to exceed twenty-five years on the burglary charge, twenty-five years on the sexual abuse charge, and ten years on the willful injury charge. There was no mandatory minimum prison term imposed.[2]

On September 3, 2013, Walker filed a pro se motion to correct an illegal sentence, contending the consecutive sentences were disproportionate to the crime, citing *State v. Ragland*, 836 N.W.2d 107 (Iowa 2013); *State v. Null*, 836 N.W.2d 41 (Iowa 2013); and *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013).

On May 7, 2014, after hearing arguments, the district court dismissed Walker's motion, stating:

---

[1] Nothing in the district court file indicates Walker's sentencing was recorded or transcribed.

[2] The State asserts Walker has always been eligible for parole and could discharge his sentence in 2017.

It's the ruling of the court that in this case the sentencing court did, in fact, give individualized attention to the sentence involved. The court had before it the option of sentencing the defendant to twenty-five, thirty-five, fifty, or sixty years, and in its discretion chose the maximum sentence. The fact that the defendant will have served the sentence in full and be released, without further violation, by the board of parole within two to three years is an indication to the court that it is not, in fact, a life sentence disproportionate to the crime committed. And in that regard, the court notes that having read the victim impact statements, the trial information, and the minutes of testimony, that the alleged offense in this case was very heinous. The court also would indicate that having read the original trial information, as part of the plea agreement an attempted murder charge was dismissed. The court is not taking into consideration any charges to which the defendant did not plead guilty, but that was part of the plea agreement, which—the benefit to which this defendant received by pleading guilty twenty-six years ago.

Accordingly, it's the ruling of the court that there is no illegal sentence to be corrected.

Walker now appeals. His challenge to his original sentence does not focus on disproportionality. Rather, he contends his sentence was illegal because:

Although we do not have access to a transcript to reflect what was considered by the court at the time of Walker's sentencing all the way back in 1989, it is apparent that Walker, and every juvenile offender sentenced in adult court prior to *Miller* [*v. Alabama*, 132 S. Ct. 2448 (2012)], was deprived of the type of individualized sentencing hearing envisioned by its ruling, and recognized by the Iowa Supreme Court. Because the sentencing judge did not have access to *Miller* in 1989, it is unquestionable that consideration was not given to the factors set forth in *Miller*. Our Iowa Supreme Court has held that *Miller* applies retroactively. Therefore, Walker is entitled to be resentenced under an individualized process in the district court.

In *Miller*, 132 S. Ct. at 2463, the United States Supreme Court held that a mandatory life-without-parole sentence for juveniles violates the Eighth Amendment of the United States Constitution.

In *Pearson*, the defendant challenged her seventy-percent mandatory minimum sentence as cruel and unusual punishment under the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution. 836 N.W.2d at 89. Pearson, then seventeen years old, was convicted of two counts of first-degree robbery and two counts of first-degree burglary. *Id.* The district court sentenced her to serve concurrent sentences for the convictions arising from each transaction—one count of first-degree robbery and one count of first-degree burglary—but ordered those two sentences be served consecutively. *Id.* Because each first-degree robbery conviction carried a sentence of twenty-five years imprisonment subject to a seventy percent mandatory minimum, Pearson received a fifty-year sentence and would not be eligible for parole until she served thirty-five years. *Id.* Our supreme court ruled, "[W]e think a minimum of thirty-five years *without the possibility of parole* for the crimes involved in this case violates the core teachings of *Miller*." *Id.* at 96.

And in a case decided after the district court ruled in Walker's case, *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014), our supreme court examined whether the seventy percent mandatory minimum of a ten-year sentence for second-degree robbery was constitutional in light of *Ragland*, *Pearson*, and *Null*. The supreme court "conclude[d] that the sentencing of juveniles according to statutorily required mandatory minimums does not adequately serve the legitimate penological objectives in light of the child's categorically diminished culpability." *Lyle*, 854 N.W.2d at 398.

But there was no mandatory minimum imposed in Walker's case, and our supreme court has observed "[t]here is nothing cruel and unusual about

punishing a person committing two crimes more severely than a person committing one crime, which is the effect of consecutive sentencing." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). Moreover, we reject Walker's argument made here that Walker was deprived of an individualized sentencing determination. The district court here concluded the sentencing court "did, in fact, give individualized attention to the sentence involved." Walker has given us no information to rule otherwise.[3]

Agreeing with the district court that no illegal sentence was imposed, we affirm the district court's dismissal of Walker's motion to correct an illegal sentence.

**AFFIRMED.**

---

[3] Walker only raised on appeal the cruel and unusual punishment claim, and cursorily suggests that individualized sentencing hearings should be afforded all juveniles given long sentences—a requirement not yet imposed by the Iowa Supreme Court.